UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PLATT RIVER INSURANCE COMPANY, a Nebraska corporation,<br><br>Plaintiff,<br><br>v.<br><br>YAN HONG LIU dba C&L ENTERPRISE, a Nevada individual and sole proprietor; UFP DKY STORE 102, LLC, a Nevada limited liability company; BIG BIZ PRO, LLC, a Nevada limited liability company; DOES 1 through 10, and ROE CORPORATIONS 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:20-cv-00723-GMN-EJY<br><br>**ORDER** |

Before the Court is Platte River Insurance Company's Motion for an Order to Show Cause Why Edward R. Ciampa Should Not be Held in Contempt and Modification of Scheduling Order (ECF No. 25). No response to this Motion was filed.

**I.   Background**

Plaintiff Platte River Insurance Company ("Plaintiff") served a Notice of Intent to Serve Subpoena on Edward F. Ciampa ("Ciampa") ordering him to appear at Plaintiff's counsel's office for a deposition at 2 p.m. on September 30, 2020. Ciampa was personally served with the subpoena on September 4, 2020. Ciampa did not appear for his deposition and he did not respond to multiple attempts to reach him thereafter. Plaintiff seeks an Order to Show Cause ("OSC") because Ciampa, as managing member for UFP DKY Store # 102 LLC dba Dickey Barbecue Pit ("UFP"), signed a General Indemnity Agreement in favor of Plaintiff that is at issue in this dispute. Plaintiff asserts that 18 U.S.C. § 401(3) allows the Court to fine or imprison a person or entity for contempt of its authority.

**II.   Discussion**

Federal Rule of Civil Procedure 45(g) states that "[t]he court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in

contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Here, Ciampa, having been served with a subpoena, failed to obey the subpoena issued by the District Court for Nevada. Not only is no excuse for this failure provided, but Ciampa has not responded to Plaintiff's efforts to contact him to determine why he failed to appear as ordered. As such, an Order to Show Cause why Ciampa should not be held in contempt is properly issued. *Sprint Nextel Corporation v. Ace Wholesale, Inc.*, Case No. 2:14-cv-2119-RFB-VCF, 2016 WL 8376331, at *2 (D. Nev. Mar. 10, 2016) (internal citations omitted).

### III.    Order

Accordingly, IT IS HEREBY ORDERED that the Motion for an Order to Show Cause Why Edward R. Ciampa Should Not be Held in Contempt and Modification of Scheduling Order (ECF No. 25) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that the request for an Order to Show Cause is GRANTED.

IT IS FURTHER ORDERED that Edward F. Ciampa shall show cause why he should not be held in contempt of Court no later than **February 18, 2021**.

IT IS FURTHER ORDERED that Counsel for Plaintiff **shall** ensure service of this Order on Mr. Ciampa by immediately placing a copy of this Order in the U.S. Mail **and**, within **three (3) Court days of the date of this Order**, causing a copy to be hand-delivered to the address at which Mr. Ciampa was served with the underlying subpoena, obtaining a signed Receipt of Copy upon delivery.

IT IS FURTHER ORDERED that the request for a modification of the discovery schedule is DENIED without prejudice. Plaintiff failed to provide the Court with information sufficient to know when the discovery period ended and the amount of time sought for extension of specific deadlines. Plaintiff may refile a motion or stipulation to modify the existing scheduling order to allow the Court to consider this request.

Dated this 28th day of January, 2021

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

2